UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES H. DARBY, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-7 CDP |
| | ) | |
| KAREN L. WITTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $24.25, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will order plaintiff to file an amended prisoner civil rights compliant under 42 U.S.C. § 1983 as directed below.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this § 1983 action against multiple medical providers and prison officials at Potosi Correctional Center ("PCC") and Moberly Correctional Center ("MCC") for deliberate indifference to his serious medical needs. Named as defendants are: Karey L. Witty, CEO, Corizon Corrections Healthcare, Inc. ("Corizon"); Ralf Sulke, Vice President of Operations, Corizon; Dr. John Deghetto, Missouri Department of Corrections ("MDOC"); Dr. Ruanne Stamps, Medical Director, MCC; Bonnie Boley, Health Services Administrator, MCC; Dr. Unknown Paniagua, PCC; Laurel Davison, Nurse Practitioner, MCC; Dr. George Robinson, Dentist, PCC; Dr. Ernest Jackson, Missouri Director of Dental Services—Corrections; Dr. Unknown Dillard, Dentist, PCC; Dr. Unknown Blake, Dentist, PCC; Dr. Unknown Guzdial, Dentist, PCC; Unknown Corrections Officers at PCC; Dr. Unknown Cooper, Dentist, PCC; and Unknown Doctors. Plaintiff's claims fall under three categories: allegations regarding dental care, allegations regarding plaintiff's fingernails and toenails, and allegations regarding plaintiff's acid reflux. The Court will discuss each category separately.

*Dental Care*

Plaintiff complains of the dental care he has received in prison starting on June 3, 2008. On that day, defendant Dr. George Robinson pulled one of plaintiff's teeth, which caused plaintiff severe pain. Then the tooth next to the pulled tooth became loose, and Dr. Robinson pulled the second tooth. Five days after Dr. Robinson pulled plaintiff's second tooth, plaintiff

states pieces of his jaw bone started falling out and a third tooth fell out. In his prison grievance, plaintiff stated as follows:

> In all about 8 pieces of jaw bone came out, the biggest piece I turned in to Nurse Tracy Dunn after Mr. Cartrette my caseworker saw the tooth and bone, I have been in extreme pain for several [days] because of Dr. Robinson. Now my gums are receding away from tooth #18 exposing the nerves on the side of the tooth, it will probably have to be pulled as well. My gums are not closing properly because they are falling where the bone is missing.

After the dental care events of June 2008, plaintiff continued to have dental treatments, which he lists on page fifteen of his complaint. From 2008 through 2012, plaintiff lost five more teeth: three were pulled out by dentists, and two were pulled out by plaintiff.

On February 10, 2013, less than five years before filing this action, plaintiff pulled tooth #4 and four days later pulled tooth #5. He states he pulled these teeth after being denied dental emergencies.

> Both teeth were loose and bone had been cracked when tooth #3 was pulled. Tooth #5 was painful for years and when I pulled it out it was so loose that a ½" wide piece of bone pulled out with it, 3 roots, one large one in upper plate, 2 small roots embedded in the upper face bone, which the crack was caused by a hit to the mouth by the dentist Dr. Robinson from bearing down so hard to pull tooth #3, which dentist Dr. McKinney had drilled too close to the edge of the tooth while Dr. Robinson was off. Tooth #3 had a cavity from Dr. Robinson's cleaning session when I first got to Potosi Correctional Center. This led to several dental emergencies over the years and being denied so many times that I resorted to pulling them myself.

*Fingernails and Toenails*

Plaintiff's second complaint regarding his medical care and treatment relates to his fingernails and toenails. He states that in July 2009, after he received cancer treatments, his toenails and fingernails fell off. Since then, his nails grow in abnormally, causing him "severe and continuous pain." Plaintiff has asked to be referred to a dermatologist to have his nails removed permanently, but he states that he has been refused.

In response to plaintiff's prison grievance dated November 27, 2017, defendant Bonnie Boley, RN, stated that plaintiff was scheduled on November 13, 2017 with a nurse practitioner to assess his nails, but he refused that appointment, stating "I have been told for over 8 years there is nothing they can do." Nurse Boley stated that plaintiff also refused his chronic care appointment and sick call appointment with defendant Dr. Ruanne Stamps on October 12, 2017. Nurse Boley states that "[b]efore a consideration of seeing a dermatologist was made, you would have to see the doctor or nurse practitioner here first. And since you refused [your] last appointments, your request to see a dermatologist is moot."

*Acid Reflux*

Plaintiff attaches Appendix A to his complaint. Appendix A relates to his treatment for acid reflux attacks. Plaintiff states that defendant Nurse Davison changed plaintiff's medication from Prilosec to Protonix. Plaintiff wants his medication changed back to 20 milligrams Prilosec. He also said Nurse Davison tried to treat his acid reflux with antibiotics, a treatment decision with which plaintiff disagrees.

**Discussion**

"To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct.

*Olson v. Bloomberg*, 339 F.3d 730, 736 (8th Cir. 2003). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Cambreros v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995).

*Dental Care*

The majority of plaintiff's dental treatment claims are barred by the five-year statute of limitations applicable to § 1983 cases. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff filed this § 1983 action on January 24, 2018, complaining of dental care and treatment starting in June 2008. Any claims he has regarding deliberate indifference to serious medical needs from June 2008 through January 24, 2013, however, are barred by the five-year statute of limitations. On the other hand, any claims of deliberate indifference to serious medical needs arising after January 24, 2013 would not be time barred.

Plaintiff claims he pulled out two of his own teeth in 2013—tooth #4 on February 10, 2013, and tooth #5 on February 14, 2013. He states that he pulled these teeth after being denied dental emergencies. He states these two teeth were so "loose and bone had been cracked when tooth #3 was pulled. Tooth #5 was painful . . . [and] so loose that a ½" wide piece of bone was pulled out with it, 3 roots, one large one in upper plate, 2 small roots embedded in the upper face bone." Plaintiff's allegations regarding pulling out his own teeth, along with their roots and

bones, after being refused dental treatment likely states a plausible claim of an Eighth Amendment violation, but plaintiff has not alleged which individuals denied him dental treatment on these dates. Therefore, the Court cannot order process to issue upon any specific defendant.

Because plaintiff's claims regarding denial of dental care on February 10 and February 14, 2013 are serious in nature, the Court will allow plaintiff to file an amended complaint to allege which defendants, by name, denied him dental care and treatment on these dates. The remainder of plaintiff's claims regarding Eighth Amendment violations for failure to treat dental issues, which occurred prior to January 24, 2013, will be dismissed as time barred.

*Fingernails and Toenails*

With respect to plaintiff's claims regarding his fingernails and toenails, the Court finds plaintiff has not stated a plausible claim of an Eighth Amendment violation. Based on his complaint and the attached documents, the Court finds plaintiff has not been refused care and treatment of his nails. He has had an ongoing issue with his nails since cancer treatment in 2009, but he refused his chronic care appointment and sick call appointment with Dr. Stamps on October 12, 2017. He was also scheduled on November 13, 2017 for an appointment with a nurse practitioner to assess his nails, but he refused this appointment. Defendant Bonnie Boley, RN, told plaintiff that he will not be referred to a dermatologist until he has been seen by a doctor or nurse practitioner at MCC first. Plaintiff has refused these appointments. Based on these facts, which plaintiff does not dispute, the Court cannot find defendants deliberately disregarded plaintiff's needs for medical care and treatment of his fingernails and toenails.

*Acid Reflux*

Finally, with respect to Appendix A and plaintiff's claims regarding defendant Nurse Davison's treatment of plaintiff's acid reflux, the Court finds plaintiff has not stated a plausible claim of an Eighth Amendment violation. Plaintiff alleges violations of his Eighth Amendment rights arising from Nurse Davison's decision to change plaintiff's prescription from Prilosec to Protonix. Based on plaintiff's timeline, he was switched to Protonix from January 9, 2018 to January 20, 2018. He was then placed back on Prilosec and prescribed antibiotics, which he refused to take.

The Eighth Amendment allows medical care providers to exercise their independent medical judgment. *See Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). "Prisoners do not have a constitutional right to any particular type of treatment. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Id.* (internal citation omitted).

Here, plaintiff disagrees with Nurse Davison's treatment of his acid reflux. He prefers Prilosec over Protonix, and Nurse Davison gave him Protonix over an eleven-day period. The Court finds that defendant's treatment of plaintiff's acid reflux does not rise to the level of an Eighth Amendment violation. Plaintiff has failed to show that prison officials were deliberately indifferent to his medical needs. Rather, plaintiff disagrees with defendant Davison's judgment regarding his condition. For this reason, the Court will dismiss plaintiff's allegations of Eighth Amendment violations arising from defendant's treatment of plaintiff's acid reflux.

For the foregoing reasons, on initial review, the Court will dismiss all plaintiff's allegations except for those arising out of defendants' alleged failure to treat plaintiff's dental emergencies on February 10 and February 14, 2013. With respect to these two incidents, the Court will allow plaintiff to file an amended complaint to identify the defendants who denied

him treatment on these dates. Plaintiff shall file his amended complaint only with regard to these claims and identify by name which individual defendants denied him treatment on these two dates.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $24.25 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send plaintiff a form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall file an amended prisoner civil rights complaint under 42 U.S.C. § 1983 arising out of the denial of dental care and treatment on February 10 and February 14, 2013, and identify specifically which individual defendants denied him care and treatment on these dates.

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss his complaint without prejudice.

Dated this 6th day of July, 2018.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE