# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| CHARLES H. DARBY, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-00007-CDP |
| ) | |
| KAREY L. WITTY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on self-represented plaintiff Charles Darby, III's motion to have this case reinstated in the Eastern District Court; motion to reopen the case; and several letters plaintiff has written asking the Court to reopen his case. At the time of plaintiff's filings, plaintiff was incarcerated at the Farmington Correctional Center. For the following reasons, the Court will deny plaintiff's motions.

Plaintiff filed his case under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights to be free from cruel and unusual punishment. He alleged that he had suffered several serious medical needs—dental care, fingernail and toenail care, and acid reflux—and that defendants were deliberately disregarding these needs. Named as defendants were fifteen medical and dental personnel at Moberly Correctional Center and Jefferson City Correctional Center.

On initial review, this Court found that the majority of plaintiff's claims were barred by the statute of limitations. The remaining claims alleged deliberate indifference regarding dental care plaintiff received at the Jefferson City Correctional Center. Because the Jefferson City Correctional Center is located in the Western District of Missouri, the Court transferred the case there. *See* ECF No. 18.

While pending in the Western District of Missouri, the Western District received an updated prison account statement for plaintiff that showed he had $1,940.85 in available funds, including deposits totaling $868.44. *Darby v. Witty*, No. 18-04248-CV-BCW-P (W.D. Mo. Jan. 11, 2019). After careful consideration, the Western District Court of Missouri revoked plaintiff's *in forma pauperis* status and ordered him to pay the remainder of the filing fee, which was $375. *Id.* Plaintiff did not pay the filing fee in the time allowed, and the Court entered a Show Cause Order directing plaintiff to show cause why his case should not be dismissed for failure to prosecute and failure to comply with an order of the Court. Plaintiff did not comply with the Show Cause Order, and the Western District of Missouri dismissed his case on January 11, 2019. *Id.* at ECF 25.

Now plaintiff seeks to reinstate his case in the Eastern District of Missouri. He wishes to add several new counts against the Missouri Department of Corrections and Corizon for medical neglect and "Hate crimes." He states that "NOW that I am back in the Eastern District, I wish to have my case reinstated back in the Eastern District Court." Plaintiff is referring to the fact that he has been transferred from the Jefferson City Correctional Center—in the Western District—to the Farmington Correctional Center—in the Eastern District.

As this Court has stated in its Order dated November 15, 2018, the only claims plaintiff has brought that could plausibly survive initial review are the claims regarding dental care that occurred in the Western District of Missouri. This fact has not changed, and the Court will not reinstate plaintiff's case simply because he has been transferred to Farmington Correctional Center. *See* ECF No. 18 at 2-3. To the extent plaintiff seeks to bring new claims arising out of his medical care and treatment, the Court will send plaintiff a blank prisoner civil rights form. If

plaintiff wishes to file a new case, he will be ordered to pay the $402 filing fee or file an application to proceed in the district court without paying fees or costs, and will need to submit an inmate account statement for the six months preceding his filing. *See* 28 U.S.C. §1915(b).

Additionally, to the extent plaintiff seeks recusal of the undersigned Judge from his case, the motion will be denied. A judge shall disqualify herself "in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). An objective standard of reasonableness is applied in determining whether recusal is required. *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006); *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003). Disqualification is required if a reasonable person with knowledge of the relevant facts of the case would question the judge's impartiality. *Fletcher*, 323 F.3d at 664. A judge is presumed to be impartial, and a party seeking recusal bears the substantial burden of proving otherwise. *Id.*

Plaintiff's statement that he seeks disqualification "by her actions and inactions towards me which I do believe was with PREJUDICE" (ECF No. 20) presents no facts establishing bias or partiality. Plaintiff therefore fails to meet the substantial burden required to overcome the presumption of impartiality. The motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to have his case reinstated in the United States District Court for the Eastern District of Missouri is **DENIED**. [ECF No. 20]

**IT IS FURTHER ORDERED** that plaintiff's motion to reopen his case is **DENIED** [ECF No. 22].

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a Prisoner Civil Rights Complaint form.

Dated this 27th day of May, 2022.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

-4-